### Guillermo SORTO–ARGUETA, Petitioner,

v.

### Eric H. HOLDER Jr., Attorney General, Respondent.

### No. 08–74247.

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 2010.[*]

Filed June 1, 2010.

Antonio R. Salazar, Esquire, Salazar Law Office, Seattle, WA, for Petitioner.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Oil, Jeffrey Lawrence Menkin, Trial, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Guillermo Sorto–Argueta, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002), we deny the petition for review.

The agency did not abuse its discretion in denying Sorto–Argueta's motion to reopen because Sorto–Argueta's mistaken belief that his hearing was on a different date does not constitute exceptional circumstances within the meaning of 8 U.S.C. § 1229a(e)(1), and denial of the motion did not lead to an unconscionable result. *See Valencia–Fragoso v. INS,* 321 F.3d 1204, 1205–06 (9th Cir.2003) (per curiam) (mistaken belief regarding the time of the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

hearing did not constitute exceptional circumstances).

## PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.